# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARONMARIE BALL,<br><br>                    Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | **CASE NO. 09-CV-00200-H**<br>        **NO.  05-CR-00667-H**<br><br>**ORDER:**<br><br>**(1) DENYING MOTION UNDER 28 U.S.C. § 2255**<br><br>**(2) GRANTING MOTION FOR TRANSCRIPTS OF SENTENCING**<br><br>**(3) DENYING MOTION TO PROCEED IFP AS MOOT &**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

      On March 13, 2006, this Court entered judgment against Sharonmarie Ball ("Petitioner"), pursuant to a guilty plea, for one count of attempted murder under 18 U.S.C. § 1113 and one count of aiding and abetting under 18 U.S.C. § 2. (Doc. No. 59.) On March 13, 2006, the Court sentenced Petitioner to 200 months in custody and three years supervised release. (Id.) On October 17, 2006, the United States Court of Appeals for the Ninth Circuit dismissed Petitioner's appeal in this case as untimely. (Doc. No. 69.) On January 29, 2009, Petitioner filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §2255. (Doc. No. 78.) Petitioner also filed a motion to proceed in forma pauperis (Doc. No.

80) and a motion for transcripts (Doc. No. 79).  On February 12, 2009, the United States of America filed a response in opposition to Petitioner's motion to vacate.  (Doc. No. 81.) Petitioner did not file a reply.

For the reasons set forth below, the Court concludes that Petitioner's motion to vacate, set aside or correct her sentence fails on its merits and is untimely, grants Petitioner's motion for transcripts, and denies without prejudice as moot Petitioner's motion to proceed IFP. Additionally, the Court denies Petitioner a certificate of appealability.

**Background**

On April 13, 2005, a federal grand jury returned an Indictment charging Petitioner with attempted murder in violation of 18 U.S.C. § 1113 and aiding and abetting in violation of 18 U.S.C. § 2.  (Doc. No. 9.)  Specifically, the Indictment charged that "[o]n or about April 5, 2005, . . . Jason Wayne Cline and [Petitioner], willfully, deliberately, maliciously, and with premeditation and malice aforethought, did attempt to kill John J. Ball by stabbing him with a knife."  (Id.)

In 2005, Petitioner was married to John Ball.[1]  Petitioner and her friend Cline planned to kill Ball for insurance money.  On April 5, 2005, Cline and Petitioner drove to Navel Air Station North Island, where Ball was stationed with the Navy, and selected a secluded area on the base to carry out the planned attack.  Cline and Petitioner's plan was to have Petitioner bring her husband to the secluded area where Cline would puncture Ball's lung, sever his spinal cord or laterally thrust a knife under Ball's jaw into his brain to kill him.  If Cline was successful in killing Ball, Petitioner would wait at the scene and play the role of the terrified widow so that she could collect full survivor and death benefits.  Petitioner was able to get Ball to the secluded area and Cline carried out the attack by approaching Ball from behind with the knife, striking Ball several times, attempting to smother Ball, and attempting to break Ball's neck, but Ball was able to escape.

By way of background, Petitioner met Cline through an internet chatline dedicated to military personnel and had an off and on internet relationship with Cline from 2002-2005.  In

---

[1]All facts are taken from the Presentence Report.

March 2005, Cline was to fly to California and kill Ball if the opportunity presented itself. Cline flew to California on March 31, 2005, met Petitioner, and over the next couple of days formed the plan to kill Ball on Naval Air Station North Island.

On November 22, 2005, Petitioner pled guilty to the indictment without a written plea agreement with the United States to one count of violating 18 U.S.C. §§ 1113 and 2, attempted murder and aiding and abetting. (Doc. No. 34.) On March 13, 2006, the Court accepted Petitioner's guilty plea. (Doc. No. 59.) The Court sentenced Petitioner to 200 months and judgment was entered. (Id.) The Court advised Petitioner at her sentencing hearing that she had ten days to file an appeal as to any issue that she had preserved for appellate review. (Transcript of Acceptance of Plea, March 13, 2006, at 30:15-17.) On July 12, 2006, Petitioner filed a notice of appeal with this Court. (Doc. No. 63.) On October 17, 2006, the Ninth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. (Doc. No. 69.)

Petitioner filed a petitioner for writ of habeas corpus under 28 U.S.C. § 2255 on January 29, 2009, almost three years after the date the judgment was entered. (Doc. No. 78.)

**Discussion**

**A. Merits of Petitioner's Claim**

Petitioner asserts a claim for ineffective assistance of counsel. To prevail on an IAC claim, Petitioner must show that (1) "counsel's performance was deficient" and fell below that of "a reasonably competent attorney" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985) (noting that the Strickland test applies "to challenges to guilty pleas based on ineffective assistance of counsel.") The Strickland court noted that because of the "distorting effects of hindsight," this "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

To satisfy the first prong, the petitioner must show that her counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Strickland, 466 U.S. at 689. Petitioner

contends that her attorney failed to inform her that she could appeal and that when she found out she was able to appeal, it was untimely. (Doc. No. 78.) The failure of counsel to consult with the defendant about an appeal is not, as a constitutional matter, "necessarily unreasonable, and therefore deficient." Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000). Rather, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. In making the determination of whether counsel had a duty to consult with the defendant about an appeal, "courts must take into account all the information counsel knew or should have known." Id. at 480. A highly relevant factor in this inquiry is whether the conviction follows a guilty plea, "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. at 480.

To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When petitioner has been denied the entire judicial proceeding itself due to counsel's deficient performance, petitioner is entitled to a presumption of prejudice and the normal strong presumption of reliability does not apply. Roe, 528 U.S. at 482-83. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Petitioner claims that her attorney failed to inform her of her right to appeal and this failure caused her notice of appeal to be found untimely. Petitioner was advised, with counsel present, at her sentencing that she had "ten days from today's date to file an appeal as to any issue that you have preserved for appellate review." (Transcript of Acceptance of Plea, March 13, 2006, at 30:15-17.) Petitioner was specifically advised of her right to appeal and therefore her claims that she was unaware are without merit. Accordingly, the Court denies Petitioner's motion under § 2255 on the merits.

**B.     Statute of Limitations**

A one year period of limitations applies to Petitioner's motion brought under 28 U.S.C. § 2255(f). With regard to the instant petition, this period begins to run from "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1). On March 13, 2006, Petitioner's judgment and sentence were entered. (Doc. No. 59.) Therefore, the statutory period for timely filing ended one year later on March 14, 2007. Petitioner filed her petition on January 29, 2009, more than one year and ten months past the statutory period. Even excluding the ten days in which Petitioner had to file a notice of appeal after the entry of judgment and applying the mailbox rule, the petition is time-barred.

Petitioner has advanced no argument in support of equitable tolling and has not demonstrated that "extraordinary circumstances beyond [her] control [made] it impossible to file a petition on time," nor that "the extraordinary circumstances were the cause of [her] untimeliness." United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)). Therefore, the Court finds Petitioner's motion is time-barred under § 2255(f).

**C. Motion for Transcripts**

Petitioner also brings a motion for transcripts to aid in her preparation of this § 2255 motion. (Doc. No. 79.) The Court grants Petitioner's request and will provide Petitioner with copies of the transcripts from the November 22, 2005 disposition hearing before Magistrate Judge Leo S. Papas and from the March 13, 2006 acceptance of plea and sentencing, as well as a copy of the Court's docket.

**D. Motion to Proceed IFP**

Petitioner has also filed a motion to proceed in forma pauperis ("IFP"). (Doc. No. 80.) Unlike a petition for a writ of habeas corpus, a motion under § 2255 is filed as part of the underlying criminal prosecution. See 28 U.S.C. § 2255. As a result, a § 2255 motion requires no prepaid fees or security in order to proceed. Accordingly, the Court denies without prejudice Petitioner's motion to proceed IFP as moot.

/ / /

**E. Certificate of Appealability**

The Court denies Petitioner a certificate of appealability. Under Federal Rule of Appellate Procedure 22, "In a habeas corpus proceeding in which the detention complained of arises . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). The habeas statute provides that a certificate of appealability may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Court denies Petitioner's motion under § 2255 on the merits, Petitioner has not made a substantial showing of the denial of a constitutional right.

## Conclusion

For the reasons set forth above, the Court concludes that Petitioner's motion under 28 U.S.C. § 2255 fails on its merits and was filed more than one year after judgment in her case was entered and became final. Accordingly, the Court DENIES Petitioner's motion under 28 U.S.C. § 2255. The Court GRANTS Petitioner's request for transcripts, DENIES WITHOUT PREJUDICE Petitioner's motion to proceed in forma pauperis as moot, and DENIES Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

DATED: August 18, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT